UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

Plaintiff,

-against-

THE PEOPLE OF THE CITY OF NEW YORK, *et al.*,

Defendants.

20-CV-0254 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

By order dated February 3, 2020, the Court directed Plaintiff to show cause why this action ("*McDaniel II*") should not be dismissed as duplicative of *McDaniel v. People of the State of New York*, ECF 1:19-CV-3526, 1. In the February 3, 2020 order, the Court explained that if *McDaniel II* was dismissed as duplicative, he would not be charged the $350.00 filing fee.

On March 5, 2020, the Court received a letter from Plaintiff, stating that *McDaniel II* was not duplicative of 19-CV-3526. (ECF No. 3.) The Court therefore directed Plaintiff to submit an *in forma pauperis* (IFP) application and prisoner authorization or pay the filing fee.[1] (ECF No. 4.)

But on April 2, 2020, the Court received another letter from Plaintiff, stating that *McDaniel II* was "the amended report of case file 19-CV-7680" (ECF No. 6, at 1), an action pending before Judge Alison J. Nathan and referred to Magistrate Judge Katherine H. Parker. *See McDaniel v. People of the State of New York*, ECF 1:19-CV-7680, 3 ("*McDaniel I*"). On March 17, 2020, Magistrate Judge Parker scheduled a telephonic conference for July 6, 2020. ECF 1:19-CV-7680, 24.

[1] Plaintiff never submitted an IFP application and prisoner authorization or pay the filing fee.

Plaintiff now requests that the Court "dismiss the excessive force claim and the remain[d]er of the report should replace case file 19-CV-7680." (ECF 6, at 1.) This request appears to stem from Plaintiff's previous, failed attempt to amend the complaint in *McDaniel I*; he claims that correctional staff delayed his mail for retaliatory reasons. (*Id.*)

The Court concludes that Plaintiff is attempting to amend his complaint filed in *McDaniel I*. This Court, however, cannot issue orders in a case pending before another district judge. Should Plaintiff wish to amend his complaint in *McDaniel I*, he must request leave to amend his complaint *in that matter*.

The Court therefore dismisses *McDaniel II* without prejudice to *McDaniel I*. As the Court concludes that this submission is not a new action, but an attempt to amend a complaint in another action, the Clerk of Court shall not charge Plaintiff $350.00 for the submission of this matter.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed without prejudice to *McDaniel v. People of the State of New York*, ECF 1:19-CV-7680, 3.

The Clerk of Court shall not charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 2, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge